IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **GREAT LAKES INSURANCE SE,** | § § § | |
| Plaintiff, | § § | C.A. No. 4:19-cv-00341 |
| V. | § § | Rule 9(h) Admiralty |
| **THOMAS W LOFFLAND,** | § § § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, Great Lakes Insurance SE (herein referred to as "Plaintiff" or "Great Lakes"), and would petition this Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*., and pursuant to Rule 57 of the Federal Rules of Civil Procedure, and would respectfully show the following:

### I.

### PARTIES

1. At all times material hereto, Plaintiff was and now is a foreign corporation or other business entity duly organized and existing under and by virtue of the laws of Germany and registered and authorized to conduct business in the United Kingdom.

2. Defendant, Thomas W Loffland (herein "Loffland" or "Defendant") is an individual and a citizen of the State of Texas and within the Northern District of Texas. Defendant Loffland may be served with process by personal service at: 6321 Kumuth Rd, Fort Worth, Texas 76116.

## II.

## JURISDICTION AND VENUE

3. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as this matter involves a dispute relating to a marine insurance contract. Additionally, this complaint for declaratory relief is brought in accordance with 28 U.S.C. § 2201 *et seq*. under the heading of Title 151 entitled "Declaratory Judgment," and pursuant to Rule 57 of the Federal Rules of Civil Procedure.

4. Venue of this matter is proper in this Court as the Defendant is subject to personal jurisdiction in this District. Venue is also proper in this District pursuant to the forum clause in the marine insurance contract between the parties.

## III.

## FACTUAL BACKGROUND

5. Plaintiff, Great Lakes, originally issued a policy of marine insurance to Defendant providing coverage to Defendant's vessel the M/V KEEPIN IT REEL. The insurance policy was renewed annually.

6. Most recently, the vessel KEEPIN IT REEL was insured by Plaintiff under Commercial Yacht Insurance Policy No. CSRYP/166696, with a policy term of February 16, 2018 - February 16, 2019 (herein referred to as "the Policy"). The Policy provided coverage for damage to the hull, machinery, and equipment of the vessel in the insured amount of $200,000. (A copy of the Policy is attached as Exhibit "A").

7. Section 3 of the Policy provides coverage for the hull, machinery, equipment and dinghy and states the insurer provides coverage "for accidental physical loss of, or accidental physical damage to the Scheduled Vessel which occurs during the period of this insuring

agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions."

8. The Policy contains various exclusions to coverage under this insuring agreement. Specifically, in relevant part, the Policy provides:

### Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement.
…
b) Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mold, animal and marine life.
…
n) Damage existing prior to the inception date of this insuring agreement, whether you are aware of the same or otherwise.
…
r) Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental event such as a collision, impact with a fixed or floating object, grounding, stranding, ingestion of foreign object, lightning strike, or fire.

9. In addition, the Policy contains several warranties by the insured, the fulfillment of which is a condition of the insurer's obligations. Among these warranties is a warranty that the vessel is and will remain in a seaworthy condition. Section 9(a) of the agreement states: "It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception."

10. Section 1(k) of the policy defines "seaworthy" to mean "fit for the Scheduled Vessel's intended purpose. Seaworthiness applies not only to the physical condition of the hull, but to all its parts, equipment and gear and includes the responsibility of assigning adequate crew. For the Scheduled Vessel to be seaworthy, it and its crew must be reasonably proper and suitable for its intended use."

11.     Upon information and belief, the vessel KEEPIN IT REEL was being operated during the Policy period by a partner of the Defendant in Grand Cayman as both a personal use and fishing charter vessel.

12.     Upon information and belief, at some point in February 2019, the Defendant sent several individuals, including a captain, to locate, repossess and bring the vessel, KEEPIN IT REEL, from Grand Cayman to the United States.

13.     Upon information and belief, at the Defendant's request, the vessel was located and repossessed on or about February 19, 2019. However, the vessel, KEEPIN IT REEL, was found to be in an unseaworthy condition and not fit to return to sea.

14.     On February 21, 2019, Defendant caused a Property Loss Notice to be delivered to Great Lakes. The Property Loss Notice lists a date of loss of February 21, 2019. The Property Loss Notice provides that upon locating the boat in Grand Cayman, it was found to be "in terrible condition. The Hull is cracked, drive shafts are destroyed. There was oil filled in the engine room (they have cleaned that up). The cab is also filled with Carbon monoxide."

15.     As a result of receiving the Property Loss Notice, underwriters began an investigation and assessment of the damages and loss alleged. As part of the investigation, underwriters appointed Marine Surveyors Cayman, Ltd. to perform a survey of the vessel, KEEPIN IT REEL. On March 1 and 2, 2019, the vessel was surveyed both in and out of the water. On March 11, 2019, a Marine Survey Damage Report was issued concluding that the loss was due to deterioration of the vessel due to lack of maintenance, grounding damage and neglect. In addition to numerous damages and maintenance issues throughout the vessel, the survey notes damages to the keel allowing water to enter hull laminate and causing hull to become waterlogged; machinery damage to both engines due to neglect and lack of maintenance; and

damage to underwater fittings. The vessel survey also notes several conditions on the KEEPIN IT REEL wherein the previous years' vessel survey repair recommendations had not performed.

16. Great Lakes denies Defendants claims under the Policy on the grounds that (1) the losses did not fall within the scope of coverage because they were not accidental; (2) The loss/damages were caused by wear and tear, gradual deterioration and lack of maintenance which are specifically excluded under the Policy; (3) The vessel was unseaworthy at the inception and/or during the Policy period in breach of the warranty and Policy conditions; and (4) The damages attributable to the engines and electrical wiring are further specifically excluded under the Policy.

### III.

### BASIS FOR DECLARATORY JUDGMENT

17. Great Lakes has no obligation to provide coverage for or reimbursement to Defendant for the losses or damages to the KEEPIN IT REEL claimed on February 21, 2019, because the losses were not accidental, as required by the policy language, and because the policy is void from its inception for breach of warranty as the vessel was unseaworthy. Defendant breached its warranty of seaworthiness, thus voiding the insuring agreement from its inception.

18. Additionally, Great Lakes has no obligation to provide coverage or reimbursement to Defendant for the losses or damages to the KEEPIN IT REEL claimed on February 21, 2019, because the losses are due to lack of maintenance, gradual deterioration, and wear and tear which are specifically excluded from coverage under the Policy.

19.     Further, Great Lakes has no obligation to provide coverage or reimbursement to Defendant for the damages to the vessel's engines, mechanical and electrical claimed on February 21, 2019, as such damages are specifically excluded under the Policy

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Great Lakes Insurance SE prays for judgment:

(a) declaring that Defendant failed to keep the vessel KEEPIN IT REEL seaworthy and that such failure was a breach of its warranty of seaworthiness negating any coverage under the Policy;

(b) declaring that there was no fortuity or accident to trigger coverage under the Policy;

(c) declaring that Defendant's claim for damages or loss to the vessel KEEPIN IT REEL is specifically excluded from coverage under the Policy as they are the result of wear and tear, lack of maintenance, gradual deterioration, weathering, mold, insects, and/or animal and marine life;

(d) declaring that Defendant's claim for damages or loss to the KEEPIN IT REEL relating to the vessel's engines, mechanical and electrical parts are further specifically excluded from coverage by the Policy's exclusions;

(e) declaring that Plaintiff owes nothing to Defendant under the policy or otherwise for any damages or losses to the vessel KEEPIN IT REEL during the Policy period;

(f) for all costs of court; and

(g) for all further relief to which Great Lakes may show themselves entitled either at law or in equity.

Respectfully submitted,

**SCHOUEST, BAMDAS, SOSHEA & BEN-MAIER PLLC**

*/s/ Timothy W. Strickland*

TIMOTHY W. STRICKLAND
TX State Bar No. 19396298
STACEY T. NORSTRUD
TX State Bar No. 24025363
1001 McKinney, Suite 1400
Houston, Texas 77002
Phone: (713) 588-0446
Fax: (713) 574-2942
Email:   strick@sbsblaw.com
              snorstrud@sbsblaw.com

*Attorneys for Plaintiff,*
*Great Lakes Insurance SE*